# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JABARI REYNOLDS, | ) |
| Petitioner, | ) Case No. 3:21-cv-379 |
| v. | ) Judge Atchley |
| WARDEN TONY MAYS, | ) Magistrate Judge McCook |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his state court conviction for first-degree murder [Docs. 1, 2]. This conviction arises out of Petitioner's act of shooting Desean Lowe ("the victim") after Petitioner's then-girlfriend told Petitioner the victim had raped her. *Reynolds v. State*, No. E2020-01599-CCA-R3-PC, 2021 WL 4593432, at *1 (Tenn. Ct. App. Oct. 6, 2021) ("*Reynolds II*"). Petitioner challenges this conviction by asserting that his trial counsel was ineffective for (1) failing to become familiar with the law applicable to the voluntary intoxication defense for Petitioner's trial; (2) failing to speak to Petitioner prior to trial about the extent of Petitioner's voluntary intoxication at the time of the shooting; and (3) failing to retain an expert prior to trial to evaluate whether Petitioner's voluntary intoxication at the time of the crime prevented him from having the intent required for a first-degree murder conviction under Tennessee law [Doc. 2 p. 11]. Petitioner further asserts that, due to these failures by his trial counsel, the trial court failed to instruct the jury regarding voluntary intoxication [*Id.*].

Respondent filed a response in opposition to the petition asserting that Petitioner procedurally defaulted his claims for § 2254 relief [Doc. 12] and the state court record [Docs. 10, 11]. Petitioner did not file a reply, and his time for doing so has passed [Doc. 9 p. 2]. After

reviewing the parties' filings and the state court record, the Court finds that Petitioner procedurally defaulted his claims for relief under § 2254 and has not set forth grounds for the Court to excuse that default. Accordingly, the Court will not hold an evidentiary hearing, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), the petition will be **DENIED**, and this action will be **DISMISSED**.

I.     PROCEDURAL BACKGROUND

After a jury convicted Petitioner of first-degree murder, Petitioner filed a direct appeal of this conviction asserting that (1) the trial court erred in allowing a police officer to authenticate his jail phone calls; (2) the trial court erred when it did not instruct the jury regarding voluntary intoxication or the "'heat of passion'" element of second-degree murder; (3) the trial court erred in accepting the jury's verdict as the thirteenth juror; and (4) Petitioner did not receive a fair trial due to these errors [Doc. 10-13 p. 2–3, 6, 23–33]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's conviction, and the Tennessee Supreme Court ("TSC") declined review. *State v. Reynolds*, No. E2015-00499-CCA-R3-CD, 2017 WL 936521 (Tenn. Crim. App. Mar. 9, 2017), *perm. app. denied* (Tenn. Aug. 16, 2017).

Petitioner then filed a pro se petition for post-conviction relief asserting various claims for relief [Doc. 11-1 p. 4–16]. But Petitioner's appointed counsel ultimately submitted an amended petition for post-conviction relief specifying that Petitioner sought post-conviction relief based only on the claim that his trial counsel was ineffective for not presenting a defense at trial focused solely on "the victim's belligerent reaction to the rape inquiry and the argument that the jury could consider that reaction to be adequate provocation to support a verdict of voluntary manslaughter, rather than first[-]degree murder" [*Id.* at 106–8]. The post-conviction court denied relief for this

2

claim [*Id.* at 112–15]. Petitioner appealed the post-conviction court's denial of this claim to the TCCA [Doc. 11-12 p. 4, 11–14], and the TCCA affirmed. *Reynolds II*.

## II. STANDARD OF REVIEW

The Court's review of the habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a federal court to grant habeas corpus relief on any claim adjudicated on the merits in a state court only where that adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court precedent; or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro*, 550 U.S. at 473.

Before a federal court may grant habeas corpus relief, the petitioner must have first exhausted his available state remedies for the claim. 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justices v. Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). Tennessee has determined that presentation to the TCCA will satisfy the requirement of presentation to the state's highest court. Tenn. S. Ct. R. 39.

If a prisoner never presented a claim to the highest available state court and a state procedural rule now bars presentation of the claim, the petitioner procedurally defaulted that claim. *Coleman v. Thompson*, 501 U.S. 722, 731–32, 750 (1991). In such circumstances, the claim is technically exhausted but procedurally defaulted. *Gray v. Netherland*, 518 U.S. 2074, 2080 (1996); *Coleman*, 501 U.S. at 732; *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains

3

available, the issue is procedurally defaulted"). Tennessee petitioners may generally proceed only through one full round of the post-conviction process, and Tennessee imposes a one-year statute of limitation on such actions. Tenn. Code Ann. § 40-30-102(a) (one-year limitation period), § 40-30-102(c) ("one petition" rule).

A federal district court may review a procedurally defaulted habeas corpus claim only where the petitioner shows cause for his default and actual resulting prejudice, "or . . . that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50. Errors of post-conviction counsel cannot generally serve as "cause" to excuse a procedural default. *Coleman*, 501 U.S. at 753–53. But the Supreme Court established an equitable exception to this rule in *Martinez v. Ryan*, holding that the inadequate assistance of post-conviction counsel or the absence of such counsel may establish cause for a prisoner's procedural default of an ineffective assistance of trial counsel claim under certain circumstances. *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012). The Supreme Court has described the *Martinez* exception as follows:

> [The exception] allow[s] a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 13–14, 16–17). This exception, commonly referred to as the *Martinez* exception, applies in Tennessee. *Sutton v. Carpenter*, 745 F.3d 787, 792–95 (6th Cir. 2014).

An ineffective assistance of counsel claim is substantial where it "has some merit and is debatable among jurists of reason." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (citing *Martinez*, 566 U.S. at 14). Conversely, "a claim is insubstantial when 'it does not

4

have any merit,' 'is wholly without factual support,' or when 'the attorney in the initial-review collateral proceeding did not perform below constitutional standards.'" *Porter v. Genovese*, 676 F. App'x 428, 432 (6th Cir. 2017) (quoting *Martinez*, 566 U.S. at 15–16).

### III. ANALYSIS

As set forth above, in his memorandum in support of his petition for § 2254 relief, Petitioner asserts that his trial counsel was ineffective for (1) failing to become familiar with the law applicable to the voluntary intoxication defense for Petitioner's trial; (2) failing to speak to Petitioner prior to trial about the extent of Petitioner's voluntary intoxication at the time of the shooting; and (3) failing to retain an expert prior to trial to evaluate whether Petitioner's voluntary intoxication at the time of the crime prevented him from having the intent required for a first-degree murder conviction under Tennessee law [Doc. 2 p. 11]. However, Petitioner did not exhaust these claims with the state courts, and he cannot do so now. Tenn. Code Ann. § 40-30-102(a) (one-year limitation period), § 40-30-102(c) ("one petition" rule). As such, Petitioner procedurally defaulted these claims.

Petitioner requests that the Court excuse his procedural default of these claims on several grounds [*Id.* at 13–14]. But none of these arguments have any merit.

Specifically, Petitioner first generally asserts that the Court should excuse his procedural default of his claims "to prevent a manifest and fundamental injustice" [*Id.* at 13]. Petitioner then presents two arguments for the Court to excuse his failure to timely file his claims under a heading entitled "PROCEDURAL DEFAULT OF INSTANT CLAIM," specifically asserting that (1) he was unable to obtain a copy of his case file from his counsel despite writing several letters to the court and his counsel after August 2017; and (2) since August 2017, he diligently sought but was unable to obtain legal research regarding federal habeas corpus statutes due to his maximum

5

security status and COVID-19, which he asserts interfered with his physical access to the prison law library and legal materials and left him without knowledge of the one-year statute of limitations for federal habeas corpus petitions [*Id.* at 13–14]. Thus, it is apparent that Petitioner conflates the concepts of procedural default with the statute of limitations in his petition. Regardless, none of Petitioner's arguments excuse his procedural default of his claims for § 2254 relief.

First, it appears that Petitioner may seek to excuse his procedural default of his claims for § 2254 relief by claiming that it would be a manifest injustice for the Court not to address them, as he did not have access to his case file and could not research federal habeas law after the TSC denied his request for its review of his direct appeal. But this argument has no merit, as the record establishes that Petitioner was aware of all relevant factual and legal issues related to his claims for § 2254 relief during his state court post-conviction proceedings and chose not to pursue any such claims.

Specifically, the record demonstrates that on February 4, 2019, while Petitioner's petition for post-conviction relief was pending and before his appointed post-conviction counsel[1] filed his final amended petition for post-conviction relief, Petitioner wrote his post-conviction counsel a letter stating that he wanted to pursue an ineffective assistance of counsel claim arising out of his counsel's failure to present an expert regarding his voluntary intoxication due to marijuana at the time of the murder, as well as other claims for post-conviction relief [Doc. 11-1 p. 49–50]. Petitioner's post-conviction counsel responded to this letter by (1) telling Petitioner that Petitioner could waive his statutory right to post-conviction counsel if he wished to do so and (2) telling

---

[1] Petitioner's relationship with his appointed post-conviction counsel was contentious [*See*, *e.g.*, Doc. 11-1 p. 34–37].

6

Petitioner that the only claim that post-conviction counsel would present on Petitioner's behalf was the claim that Petitioner's trial counsel was ineffective for not focusing exclusively on convincing the jury that Petitioner was only guilty of voluntary manslaughter [*Id.* at 66–67]. After this letter from his post-conviction counsel, Petitioner did not waive his right to post-conviction counsel and assert the post-conviction claims he had told his post-conviction counsel he wanted to pursue in his letter. Instead, Petitioner allowed his post-conviction counsel to file the complete amended petition for post-conviction relief presenting the one ineffective assistance of counsel claim his post-conviction counsel had told Petitioner he would pursue [*Id.* at 106–08]. Petitioner then appealed the post-conviction court's denial of that claim to the TCCA through the same counsel [Doc. 11-12].

Thus, the record establishes that Petitioner knew all the relevant factual and legal bases for his claims for § 2254 relief during his state post-conviction proceeding and chose not to present them to the state courts based on his communications with his post-conviction counsel. As such, even if the Court accepts Petitioner's general allegations that he was unable to obtain his case file and/or access legal materials due to his placement in maximum security and/or COVID-19 after August 2017 as true, they do not establish that the Court's failure to excuse Petitioner's procedural default of this claim would be a manifest injustice.

Additionally, while it is apparent that Petitioner asked his post-conviction counsel to present an ineffective assistance of counsel claim related to the voluntary intoxication defense and Petitioner's post-conviction counsel chose not to do so, Petitioner does not allege in his filings that the ineffective assistance of his post-conviction counsel caused his default of any of his claims for § 2254 relief, such that *Martinez* could excuse that default. *Hugueley v. Mays*, 964 F.3d 489, 498–99 (6th Cir. 2020) (providing that a petitioner relying on the *Martinez* exception "must still

7

Case 3:21-cv-00379-CEA-JEM   Document 16   Filed 12/06/22   Page 7 of 10   PageID #: 1206

demonstrate that the ineffectiveness of his post-conviction counsel was the 'cause' of his default") (quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013). To the contrary, in his memorandum in support of his petition, Petitioner inexplicably denies filing a petition for post-conviction relief with the state courts [Doc. 2 at 5–6].

But even if the Court could assume, based on the record, that Petitioner asserts that his post-conviction counsel's ineffective assistance caused his procedural default of his ineffective assistance of counsel claims related to the voluntary intoxication defense, Petitioner has not demonstrated that these ineffective assistance of counsel claims are substantial. Specifically, Petitioner has not demonstrated that, prior to or during his trial, proof existed to show that he was so intoxicated at the time of the incident underlying his first-degree murder conviction that he could not have formed the intent necessary for that conviction under Tennessee law, such that the Court could fault trial counsel for not finding or presenting expert or other proof related to that voluntary intoxication, or find that any of Petitioner's trial counsel's alleged deficiencies related to the voluntary intoxication defense prejudiced Petitioner.

In its opinion on Petitioner's direct appeal, the TCCA summarized the relevant parts of Petitioner's trial and found that, as the proof at trial did not indicate that Petitioner's voluntary intoxication "impacted his ability to form the mental state required for first degree murder . . . . the trial court did not err by refusing to give the [jury] instruction regarding voluntary intoxication" under the applicable Tennessee law. *Reynolds I*, at *14–15 (citations omitted). In this action, Petitioner seeks to get around this TCCA finding by faulting his trial counsel for not finding or presenting expert or other proof of his voluntary intoxication that would have warranted the trial court giving the voluntary intoxication jury instruction under Tennessee law. But Petitioner does not demonstrate that any such evidence was available for his counsel to discover or present before

8

or during his trial. Notably, in his filings, Petitioner does not even assert that his voluntary intoxication due to marijuana at the time of the shooting underlying his first-degree murder conviction was so significant that it prevented him from forming the intent required to commit first-degree murder under Tennessee law, much less present evidence from an expert to support such a finding. Thus, the Court cannot find that Petitioner's counsel was deficient for not investigating or presenting such evidence, or that any of Petitioner's counsel's omissions regarding this defense prejudiced Petitioner, as required for the Court to find that Petitioner's counsel provided ineffective assistance on this issue. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Accordingly, Petitioner has not presented grounds for the Court to excuse his procedural default of the ineffective assistance claims he presents in his § 2254 petition under *Martinez* or otherwise, and the Court will not address the merits of these claims.

## IV. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas corpus petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the Court's finding that Petitioner procedurally defaulted his claims for § 2254 relief and has not presented grounds to excuse that default. Accordingly, a **COA SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons set forth above, the petition for § 2254 relief will be **DENIED**, and this action will be **DISMISSED**. A COA shall **NOT** issue. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**